UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Rishard Lewis Geter**, | ) **C/A No. 8:06-2100-HFF-BHH** |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| **Spartanburg County Jail**; | ) |
| **Larry Powers**, Director of Spartanburg County Jail; | ) |
| **NFN Bailey**, Corrections Officer; and | ) |
| **Medical Staff of the Spartanburg County Jail**, | ) |
| | ) |
| Defendants. | ) |

# *Background of this Case*

The plaintiff is a pre-trial detainee at the Spartanburg County Detention Facility in Spartanburg, South Carolina.  The plaintiff refers to the Spartanburg County Detention Facility as the "Spartanburg County Jail."  The plaintiff has brought suit under 42 U.S.C. § 1983 against the "Spartanburg County Jail," its Director (Larry W. Powers), a "corrections officer" there, and its "Medical Staff."

This civil rights action arises out of the administration of the wrong medication to the plaintiff on July 10, 2006.  On that date, the plaintiff

1

Dockets.Justia.com

requested Tylenol®.  The plaintiff, however, was given "Seroquil" by Officer Bailey.  The "Seroquil" was supposed to have been given to inmate Padro Young, who was in a cell adjacent to the plaintiff's cell.  According to the plaintiff, Officer Bailey telephoned the nurse, who told Officer Bailey that the plaintiff would be okay.  The next day, the plaintiff was dizzy and had sharp abdominal pains.

The plaintiff filed a grievance about the matters.  The plaintiff states that the grievance was denied on July 20, 2006.  Included as an exhibit is a letter from Director Powers to the plaintiff.  The letter, which is dated July 18, 2006, indicates that it was determined that the "officer made a simple mistake and it was not intentional nor did he have any malicious intent." Director Powers also noted: "I have reminded all officers of the medication delivery policy and procedures and restated the importance of following these as closely as possible."

In his prayer for relief, the plaintiff writes: "I would like the court to award me in the sum of $50,000 for pain and suffering, as well as the neglect [sic] which I have endured."  The plaintiff also states that this requested amount "is probable and just[.]"

2

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act.  The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); and <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[1]  *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, <u>Gordon v.</u>

---

[1]<u>Boyce</u> has been held by some authorities to have been abrogated in part, on other grounds, by <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989)(insofar as <u>Neitzke</u> establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439
U.S. 970 (1978), and a federal district court is charged with liberally
construing a complaint or petition filed by a *pro se* litigant to allow the
development of a potentially meritorious case. *See* Hughes v. Rowe, 449
U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319
(1972). When a federal court is evaluating a *pro se* complaint or petition, the
plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of
New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent
standard, the § 1983 complaint is subject to summary dismissal. The
requirement of liberal construction does not mean that the court can ignore
a clear failure in the pleading to allege facts which set forth a claim currently
cognizable in a federal district court. Weller v. Department of Social Services,
901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

    With respect to medical care, a prisoner in a § 1983 case "must
allege acts or omissions sufficiently harmful to evidence deliberate
indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106
(1976). In Estelle v. Gamble, the prisoner contended that other examinations
should have been conducted by the prison's medical staff and that X-rays
should have been taken. The Supreme Court in Estelle v. Gamble pointed

out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Estelle v. Gamble, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). Cf. Whitley v. Albers, 475 U.S. 312, 320 (1986)(a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. See Brown v. Thompson, 868 F. Supp. 326, 329-330 & n. 2, 1994 U.S.Dist. LEXIS® 16485 (S.D.Ga. 1994)(collecting cases).

The decision of the Supreme Court of the United States in Farmer v. Brennan, 511 U.S. 825, 128 L.Ed.2d 811, 114 S. Ct. 1970, 1994 U.S.LEXIS® 4274 (1994), which was a Bivens action,[2] does not require that

---

[2]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." Wright v. Park, 5 F.3d 586, 589 n. 4, 1993 U.S.App. LEXIS® 25129 (1st Cir. 1993), which cites, inter alia, Carlson v. Green, 446 U.S. 14, 18 (1980)(restating Bivens rule).

(continued...)

process be issued in the above-captioned case because the allegations in the complaint concern negligence or medical malpractice. Negligent or incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, supra, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); ; and Pink v. Lester, 52 F.3d 73, 1995 U.S.App. LEXIS® 8912 (4th Cir. 1995)(applying Daniels v. Williams: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, the civil rights statute (42 U.S.C. § 1983) does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203,

---

(...continued)

     A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982). Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. See Farmer v. Brennan, 511 U.S. 825, 128 L.Ed.2d 811, 114 S.Ct. 1970, 1994 U.S. LEXIS® 4274 (1994); Bolin v. Story, 225 F.3d 1234, 1241-1242, 2000 U.S.App. LEXIS® 22501 (11th Cir. 2000); and Campbell v. Civil Air Patrol, 131 F.Supp.2d 1303, 1310 n. 8, 2001 U.S.Dist. LEXIS® 2542 (M.D.Ala. 2001)(noting that, since courts have expanded the Bivens remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and Bivens).

1989 U.S. LEXIS® 1039 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983 or under the Bivens doctrine. Estelle v. Gamble, supra, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). *See also* Brooks v. Celeste, 39 F.3d 125, 1994 U.S.App. LEXIS® 31180 (6th Cir., November 9, 1994)(Although several courts prior to the Supreme Court's decision in Farmer v. Brennan held that "repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise."), *rehearing denied*, 1995 U.S.App. LEXIS® 1400 (6th Cir., January 17, 1995); Sellers v. Henman, 41 F. 1100, 1994 U.S. App. LEXIS® 32,913, *7 (7th Cir. 1994)("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); White v. Napoleon, 897 F.2d 103, 108-109, 1990 U.S. App. LEXIS 2473 (3rd Cir. 1990); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976)(affirming summary dismissal); and Robbins v. Sweeney, 1994 U.S.Dist. LEXIS® 15874, *11, 1994 WESTLAW® 618488, *2 (E.D.Pa., November 2, 1994)("Mere allegations of negligent medical malpractice do not present a constitutional violation.").[3]

---

[3]Since a single act of negligence does not satisfy the "deliberate indifference" standard, (continued...)

The plaintiff, nevertheless, has an available remedy for the administration of the wrong medication: the South Carolina Tort Claims Act. The plaintiff can seek relief in state court under the South Carolina Tort Claims Act, S.C. Code, § 15-78-10 *et seq.*, because the Spartanburg County Detention Facility is operated by an agency, department, or "political subdivision" of the State of South Carolina.

Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina. Under the South Carolina Tort Claims Act, there are different limitations periods for "verified" claims and claims which fail to comply strictly with the verified claim procedure required by S.C. Code § 15-78-80. Joubert v. South Carolina Department of Social Services, 341 S.C. 176, 189-190, 534 S.E.2d 1, 8, 2000 S.C.App. LEXIS® 92 (S.C.Ct.App. 2000)(outlining differences between "verified" claims filed in accordance with S.C. Code § 15-78-80 as subject to three-year limitations period and all other claims being subject to two-year limitations period). The benefit to a plaintiff for filing a verified claim is that his or her limitations period is extended from two (2) years to three (3) years. In

---

(...continued)

the recent unpublished decision of the United States Court of Appeals for the Fourth Circuit in Bowens v. Cannon, 2006 U.S.App. LEXIS® 9108, 2006 WESTLAW® 980797 (4th Cir., April 12, 2006), is not applicable in the above-captioned case.

other words, if a plaintiff fails to file a claim that strictly complies with S.C. Code § 15-78-80, in the filing of a non-verified claim under the South Carolina Tort Claims Act, the limitations period is only two (2) years. Plaintiffs failing to pursue their claims within the appropriate limitations period will be barred from suit. *See*, *e.g.*, Murphy v. Richland Memorial Hospital, 317 S.C. 560, 455 S.E.2d 688, 1995 S.C. LEXIS® 31 (1995); Vines v. Self Memorial Hospital, 314 S.C. 305, 443 S.E.2d 909, 1994 S.C. LEXIS® 97 (1994); and Pollard v. County of Florence, 314 S.C. 397, 444 S.E.2d 534, 1994 S.C. App. LEXIS® 72 (S.C.Ct.App. 1994). For the plaintiff information, the mailing address of the Clerk of Court for Spartanburg County is Clerk of Court for Spartanburg County, Spartanburg County Courthouse — 2nd Floor—Suite 500, 180 Magnolia Street, Spartanburg, South Carolina 29306.

The "Spartanburg County Jail" is not a person subject to suit under 42 U.S.C. § 1983. The "Spartanburg County Jail" is a group of buildings or a facility. Inanimate objects − such as buildings, facilities, and grounds − do not act under color of state law. Hence, the "Spartanburg County Jail" is not a "person" subject to suit under 42 U.S.C. § 1983. *See* Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C.

9

§ 1983); <u>Preval v. Reno</u>, 57 F.Supp.2d 307, 310, 1999 U.S.Dist. LEXIS® 9857 (E.D.Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and <u>Brooks v. Pembroke City Jail</u>, 722 F. Supp. 1294, 1301, 1989 U.S.Dist. LEXIS® 12440 (E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf.* <u>Wright v. El Paso County Jail</u>, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* <u>Denton v. Hernandez</u>, <u>supra</u>; <u>Neitzke v. Williams</u>, <u>supra</u>; <u>Haines v. Kerner</u>, <u>supra</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715  (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); <u>Boyce v. Alizaduh</u>, <u>supra</u>; <u>Todd v. Baskerville</u>, <u>supra</u>, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28

U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,


July 25, 2006                         S/Bruce Howe Hendricks
Greenville, South Carolina            United States Magistrate Judge

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&
The **Serious Consequences** of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.   A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied,* Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

12